IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


LANIE ALLEN,

               Plaintiff,

  vs.                                              CIVIL NO.  04-955 JB/LFG

WILLIAM LYNCH, Fifth
Judicial District Court Judge,
and ALAN GRIFFIN,
Assistant District Attorney,

               Defendants.


## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

This is a *pro se, in forma pauperis* civil rights actions pursuant to 42 U.S.C. § 1983.  Plaintiff

Lanie L. Allen ("Allen") alleges that the defendants, a New Mexico state court judge and an assistant

district attorney, mishandled his criminal case.  He seeks damages for civil rights and tort claims and

also demands that his conviction be reversed or his sentence revised.

### Waiver of Filing Fee

Allen seeks an order authorizing him to proceed with this litigation without payment of costs

or fees.  He apparently seeks *in forma pauperis* status pursuant to 28 U.S.C. § 1915, which

authorizes a court to waive filing fees and other assorted litigation costs.  The intent of the statute

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

is to "guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States solely because . . . [lack of funds] makes it impossible . . . for him to pay or secure the costs [of litigation]."  Adkins v. E.I. DuPont de Nemours & Co.. 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

A review of the complaint indicates that Allen is incarcerated in the State of New Mexico and is in the custody of the New Mexico Corrections Department.  He seeks *in forma pauperis* status and submitted the financial certificate and trust fund statement required by 28 U.S.C. § 1915.  Based on Plaintiff's financial information, the Court will grant him *in forma pauperis* status and will authorize the filing of his complaint without the prepayment of an initial payment toward the filing fee.

### *Sua Sponte* Review of Complaint

While Congress removed barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992).  In response to this congressional concern, courts were authorized to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).

In addition, the Court is obligated by statute to review all complaints in which a prisoner seeks redress from a public official and to dismiss frivolous or malicious claims, or those seeking monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  Accordingly, the Court conducts a *sua sponte* review of the complaint pursuant to these sections, and will dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged, Hall v. Bellmon,

935 F.2d 1106, 1110 (10th Cir. 1991), and to ascertain whether jurisdictional prerequisites are present. However, if the defect is in the pleading and the pleading may be cured by appropriate allegations, the dismissal is generally without prejudice to allow the plaintiff to file a new complaint with valid allegations. On the other hand, if it would be futile to attempt an amendment, the Court may dismiss the complaint with prejudice. Id.

In reviewing a *pro se* complaint, the court applies the same legal standards applicable to pleadings drafted by counsel, but remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). It is with these standards in mind that the Court reviews Allen's complaint for damages.

## **Analysis**

While not specifically identifying both Defendants in the caption of his Complaint, a review of the pleading indicates that Allen seeks to bring this lawsuit against two individuals, the Honorable William P. Lynch, a state district judge in the Fifth Judicial District Court; and Alan Griffin, an Assistant District Attorney, similarly assigned to the Fifth Judicial District Court.

Allen's claim arises out of a criminal case assigned to Judge Lynch and prosecuted by Assistant District Attorney Griffin. The underlying criminal case was within the jurisdiction of the state district court. Allen's Complaint indicates that he previously received a suspended sentence on September 17, 1997, and, on September 27, 2000, the court revoked his probation and imposed the sentence which was originally suspended. (Complaint, p. 2). He contends that on June 24, 2001, he received a certificate of discharge in criminal cause CR-96-323, but, on July 28, 2004, the court again imposed the suspended sentence originally issued in September 1997. In his claims for relief, Allen seeks damages for racial discrimination, false imprisonment and malicious prosecution, and further

requests "that my sentence be reversed . . . [or] in the alternative . . . that my sentence be remanded for a correction of judgment and sentence . . . ."

## Judicial Immunity

A judge enjoys absolute immunity from suits for damages arising out of actions taken in his or her judicial capacity. Stump v. Sparkman, 435 U.S. 349, 359, 98 S. Ct. 1099, 1106 (1978). Judges are protected by absolute immunity for judicial acts except when they act in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. at 356-57 & n.7; Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000). Few doctrines are more solidly established at common law than the immunity of judges from civil liability for acts committed within their judicial discretion. Cleavinger v. Saxner, 474 U.S. 193, 199, 106 S. Ct. 496, 499-500 (1985)(*citing* Pierson v. Ray, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217 (1967).

> This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that judges should be at liberty to exercise their functions with independence and without fear of consequences."

Pierson v. Ray, 386 U.S. at 554.

In this case, Allen's claims against Judge Lynch all arise from decisions he entered as a state district court judge assigned to criminal case, State v. Allen, CR-96-323. This is a case within the judge's jurisdiction. Stump v. Sparkman. The mere assertion that Allen believes he was treated unfairly is not a point of consequence. A claim for damages against a judge is actionable only when the judge acts in clear absence of all jurisdiction. Id. That is not the case here. Judge Lynch exercised a judicial function in a case within his jurisdiction. As such, Allen's claims against Judge Lynch are subject to dismissal.

4

When a court conducts a *sua sponte* review of a complaint under 28 U.S.C. § 1915 or § 1915A and determines that the complaint fails to meet the pleading requirements under Fed. R. Civ. P. 12(b)(6), it may dismiss the case. Generally, a dismissal is without prejudice so as to allow a plaintiff to file a new complaint with valid allegations. However, when the court concludes that it would be a futile act to re-plead claims, the court may dismiss the case with prejudice. Hall v. Bellmon, *supra*, 935 F.2d at 1110 (court may dismiss *sua sponte* under Rule 12(b)(6) "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile"). In this case, given Judge Lynch's absolute judicial immunity, it would be a futile act to attempt to re-plead the case. Accordingly, Allen's claims against Judge Lynch should be dismissed with prejudice.

### Prosecutorial Immunity

Allen identifies Alan Griffin as the prosecutor assigned to his case. Allen makes no extra-judicial allegations against Griffin, and an examination of the Complaint indicates that the gravamen of Allen's contentions against prosecutor Griffin all arise from the revocation and sentencing proceedings, and actions taken by Griffin in the course of his rule as an advocate for the State.

Prosecutorial immunity is also a doctrine based on a solid legal foundation. Under the functional approach adopted by the United States Supreme Court:

> We examine the nature of the functions with which a particular official or class of officials has been lawfully entrusted, and we seek to evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions . . . . In other words, absolute immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches. [Internal punctuation omitted].

Roberts v. Kling, 104 F.3d 316 (10th Cir.), *rev'd on other grounds*, 522 U.S. 1025 (1997).

The Supreme Court provided guidance on the applicability of the doctrine of absolute prosecutorial immunity in Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984 (1976), as well as Burns v. Reed, 500 U.S. 478, 111 S. Ct. 1934 (1991), and Buckley v. Fitzsimmons, 509 U.S. 259, 113 S. Ct. 2606 (1993). This troika of cases affirm the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial and which occur in the course of his role as an advocate of the state, are entitled to the protections of absolute immunity. Buckley v. Fitzsimmons, 509 U.S. at 270-72, 113 S. Ct. at 2615.

Nothing in Allen's complaint indicates that prosecutor Griffin's acts were administrative or investigative rather than related to his role as a prosecutor in judicial proceedings. *See,* Scott v. Hern, 216 F.3d 897, 908 (10th Cir. 2000). Prosecution for alleged criminal activity as well as revocation proceedings are part of the judicial process, and therefore attorneys who prosecute these matters are entitled to absolute prosecutorial immunity. Allen's claims against Assistant District Attorney Alan Griffin should also be dismissed with prejudice, as it would be futile to attempt to re-plead them.

## Other Relief Requested by Plaintiff

To the extent Allen seeks this Court's order directing that his sentence be reversed or remanded for correction, that request for relief must also be denied. Allen's Complaint indicates that the criminal proceedings about which he complains are still making their way through the state appellate court system. [Complaint, at 4]. Granting the requested relief would therefore necessarily interfere in the conduct of the state criminal proceedings and would violate the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state court proceedings except in very limited circumstances. Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 97 S. Ct. 2881 (1977).

> [T]he Act is an absolute prohibition against any injunction of any
> state-court proceedings, unless the injunction falls within one of the
> three specifically defined exceptions in the Act.  The Act's purpose is
> to forestall the inevitable friction between the state and federal courts
> that ensues from the injunction of state judicial proceedings by a
> federal court.

Vendo Co. v. Lektro-Vend Corp., 433 U.S. at 630.  *See also*, Vernitron Corp. v. Benjamin, 440 F.2d 105, 108 (2d Cir. 1971) (§ 2283 prohibits "enjoining of state court suits except in those situations where the real or potential conflict threatens the very authority of the federal court").  None of the statutory exceptions is invoked by Allen.

Even if his complaint were to be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254, it is clear that Allen has not exhausted state court remedies as required by 28 U.S.C. § 2254(b)(1)(A), as his case is still on direct appeal.  Nothing in this recommendation should be construed as prejudicial to Allen's proceeding with a state habeas claim, nor to his bringing a subsequent petition pursuant to 28 U.S.C. § 2254.

### Recommended Disposition

That the cure-defect order of August 27, 2004, be set aside; that Plaintiff's motion for *in forma pauperis* status be granted and the initial partial payment toward the filing fee be waived; and that the complaint be dismissed with prejudice and all pending motions be denied as moot.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge